IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Pow! Entertainment, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 20 CV 1324 |
| v. ) | |
| ) | Judge Joan B. Gottschall |
| The Individuals, Corporations, Limited ) | |
| Liability Companies, Partnerships, and ) | |
| Unincorporated Associations Identified On ) | |
| Schedule A Hereto, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Pow! Entertainment LLC ("Pow") owns several registered trademarks associated with Stan Lee, the co-creator of many popular superhero characters. Pow brought this suit under the Lanham Act and the Copyright Act against hundreds of defendants that allegedly sell counterfeit Stan Lee-branded goods via online marketplaces such as Amazon and eBay. This court issued a temporary restraining order ("TRO") and later a preliminary injunction. Both orders, among other things, temporarily froze the defendants' U.S.-based assets to preserve Pow's right to an equitable accounting of defendants' profits. TRO 1, ECF No. 10; Prelim. Injunction 1, ECF No. 24.

The court has before it Pow's motion for entry of a default judgment, a proposed form of judgment awarding damages and permanent injunctive relief, and Pow's supplemental memorandum of law supporting the motion ("supplemental memorandum," ECF No. 68). Pow

filed its supplemental memorandum to respond to an order dated July 28, 2020, in which the court raised the following substantive issues[1] with Pow's proposed judgment:

> Paragraphs 5-9 [of the proposed judgment] are directed to third-party financial providers not named as defendants in this action. An injunction may bind only the parties and third parties in active concert or participation with them. Fed. R. Civ. P. 65(d)(2). Portions of paragraphs 5-9 also appear to require the freezing of, and possibly the turnover of, the contents of non-U.S.-based financial accounts. Plaintiff is ordered to show authority for awarding the relief requested in paragraphs 5-9 without notice to the third parties named in those paragraphs. Counsel must also explain how an asset freeze, which is intended to preserve the plaintiff's right to the equitable remedy of an accounting of the defendant's profits, may be imposed indefinitely in in a final judgment. *See Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 333 (1999); *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002); *Luxottica USA LLC v. The Partnerships and Unincorporated Associations Identified on Schedule A*, 2015 WL 3818622, at *4–5 (N.D. Ill. June 18, 2015).

ECF No. 65 at 1–2.

Pow devotes much of its supplemental memorandum to re-arguing something the court did not question, namely the propriety of its request for statutory damages. *See* ECF No. 68 at 6–11. The court found the discussion of statutory damages in Pow's original memorandum adequate. This issue will not be discussed further.

Pow has modified its proposed form of judgment. Many paragraphs continue to bind non-parties that have not been served with the complaint or a copy of Pow's motion for entry of default judgment. In particular, paragraphs 5–13 are directed variously to PayPal, Inc. ("PayPal"); eBay, Inc. ("eBay"); and Amazon, Inc. ("Amazon"). Each third party must do essentially the same thing. The proposed judgment commands each third party to "within two

---

[1] This court also made grammatical changes to plaintiff's proposed judgment. Plaintiff has approved those changes and made certain other technical changes. Suppl Mem. 1, ECF No. 68. The court accepts plaintiff's proposed technical changes except the addition of paragraph 18. Proposed paragraph 18(a) prohibits defendants from selling counterfeit Stan Lee products; paragraph 1 already grants this relief, albeit with greater specificity. Proposed paragraph 18(b) is discussed in the text below.

(2) business days of receipt of this Order, permanently restrain and enjoin any China or Hong Kong based accounts connected to Defaulting Defendants . . . ." ¶ 5, 8, 11. Pow also wants the court to order PayPal, eBay, and Amazon to release to it all the money in defendants' frozen accounts to satisfy partially the damages award Pow seeks. ¶¶ 6, 9, 12. Finally, the proposed judgment gives Pow the "ongoing authority" to serve it upon PayPal, eBay and Amazon, until the money judgment has been fully satisfied. ¶¶ 7, 10, 13. Within two days of service, each third party must locate all of defendants' financial accounts, freeze them, and then release the funds in them to Pow until the judgment is satisfied. *Id.*

What is more, paragraph 15 gives Pow the very broad right to serve the judgment "on any banks, savings and loan associations, or other financial institutions (collectively, the "Financial Service Providers") in the event that any new financial accounts controlled or operated by Defaulting Defendants are identified." As with PayPal, eBay and Amazon, once served, the financial institution must freeze the defendants' financial accounts and turnover their contents to Pow until the money judgment is satisfied. *See id.*

Under Federal Rule of Civil Procedure 65(d)(2), a TRO or injunction "binds only the following who receive actual notice of it by personal service or otherwise: the parties; the parties' officers, agents, servants, employees, and attorneys; and other persons who are in active concert or participation with [them]." Pow admits that it has not shown that PayPal, Amazon, or eBay are acting "in active concert or participation" with defendants. Suppl. Mem. 4. Pow submits that the third parties are instead defendants' agents. *Id*. at 3–5. For support, Pow cites Judge Lee's findings at a preliminary injunction hearing in another counterfeiting case. *See* ECF No. 68 Ex. 2. Judge Lee found that a third party payment provider became the agent of the

3

defendant counterfeiters by contracting to provide them functioning online marketplaces and processing payments for them. *Id.* at 21.

This court has always assumed that defendants have a contractual relationship with companies like PayPal, Amazon, and eBay. In Judge Lee's case, the third party, Wish.com, filed an appearance and litigated its objections to the proposed preliminary injunction, including whether it was the defendants' agent. *See id.* at 21-24

The problem here is that none of the third parties has been served or given an opportunity to respond to Pow's claims that they are defendants' agents. No third party has appeared before this court. How, then, can this court issue a permanent injunction commanding them by name to take certain actions in perpetuity? Pow's answer is to pre-determine, *ex parte*, that Amazon, PayPal, eBay, and other third parties named in the proposed judgment are defendants' agents.

Supreme Court law as interpreted by the Seventh Circuit forbids pre-determining the question of whether an injunction binds a third party under Rule 65(d)(2) without first serving the third party and giving it an opportunity to be heard. *Lake Shore Asset Mgmt. Ltd. v. Commodity Futures Trading Com'n.*, 511 F.3d 762, 766–67 (7th Cir. 2007); *United States v. Kirschenbaum*, 156 F.3d 784, 794–96 (7th Cir. 1998) (both applying *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110–11 (1969)). *Lake Shore Asset Management* illustrates the rule. The injunction there (which incidentally imposed an asset freeze) bound the single defendant and its "affiliates." 511 F.3d at 766. The injunction swept too broadly, the Seventh Circuit held, because "the defendant must be the sole addressee of the injunction." *Id.* (citing *Zenith Radio*, 395 U.S. at 110-11). The court of appeals stated unambiguously that "whether a particular person or firm is among the parties' officers, agents, servants, employees,

and attorneys; [or] other persons in active concert or participation with them is a decision that may be made only after the person in question is given notice and an opportunity to be heard." *Id*. at 766–67 (brackets in original; internal quotation and citations omitted). That is so even where a court is "confident" that a third party is acting in concert with a party to the lawsuit, *id*. at 767, for "even a third-party aider and abettor must have her day in court." *Kirschenbaum*, 156 F.3d at 794.

Applying these principles to Pow's proposed injunction, it becomes clear that the paragraphs directed to third parties cannot be entered. The injunction must be addressed solely to the defendants Pow has named and served. This court would be amenable to including language intended to wind down the TRO and preliminary injunction. For example, it would likely be permissible to direct Amazon, PayPal, and eBay to turn over the contents of defendants' frozen accounts.

Because it is not this court's role to attempt to rewrite a party's proposed order, the court has not attempted to remove the language directed to third parties from Pow's proposed judgment. Nor has the court corrected several grammatical errors. The court leaves these tasks to Pow's lawyers if they wish <u>to assume them</u>.

Over the last six months, this court has expended considerable effort correcting drafting problems with proposed orders submitted by plaintiff's counsel in this and similar cases. *See supra* note 1. Counsel is warned that this practice stops now. It is not the court's role to play lawyer for the parties by revising or drafting proposed orders. *See, e.g., Kreilkamp v. Roundy's, Inc.*, 2005 WL 3149552, at *2 (W.D. Wis. Nov. 21, 2005); *Hights v. Int'l Harvester Co*, 1986 WL 11009, at *2 (N.D. Ill. Oct. 2, 1986). The court initially attempted to correct the errors in

counsel's proposed orders in an effort to expedite the cases. But the court's efforts have not resulted in improvements in the proposed orders.

In the future, submitting a proposed order with basic grammatical defects and failing to justify all of the relief requested will produce the result here: denial of the motion. This includes motions for a TRO and for a preliminary injunction. Although such motions seek "extraordinary" relief, *Winter v. Nat. Res. Def. Counsel*, 555 U.S. 7, 24 (2008), plaintiffs file them as a matter of course in the steady stream of Lanham Act counterfeiting cases filed in this district. According to the court's CM/ECF system, since January 1, 2020, one of plaintiff's lawyers, William B. Kalbac, has appeared in 51 similarly captioned Lanham Act cases or approximately one percent of all cases filed in this district. Any claims that the need to act quickly resulted in the persistent drafting errors this court has observed would therefore ring hollow. Counsel appear to be submitting nearly identical form TRO's, preliminary injunctions, and judgments in each case. If counsel wishes to avoid the summary denial of future motions, the forms they appear to be using must be substantially improved; proposed orders must be submitted in signature-ready form; and counsel must either justify issuing a TRO or injunction directed to a third party who has not been served or remove this language from their forms.

This outcome should come as no surprise. Judge Kennelly recently denied without prejudice a motion for default judgment filed by the same lawyers on behalf of Pow because they "ignored" an order directing Pow to rectify a problem with its proposed default judgment. *Pow! Entertainment, LLC v. The Partnerships on Schedule "A,"* No. 20-CV-1093, ECF No. 54 (N.D. Ill. July 8, 2020).

The court's ruling concerning third parties obviates the need to reach the other questions the court raised. All of the language Pow proposes freezing defendants' assets is directed to

third parties. In addition, Pow has failed to show any express authority allowing this court to regulate the activities of third parties outside the United States. *See Lake Shore Asset Mgmt.*, 511 F.3d at 765 (citing *EEOC v. Arabian American Oil Co.*, 499 U.S. 244 (1991)).[2]

For the reasons stated, Pow's motion for entry of default judgment [52] is denied without prejudice.

Dated: August 26, 2020 /s/
Joan B. Gottschall
United States District Judge

---

[2] The Seventh Circuit recently held in litigation against the government that the "courts possess the authority to impose injunctions that extend beyond the parties before the court," but such injunctions present real dangers, and will be appropriate only in rare circumstances." *City of Chi. v. Barr*, 961 F.3d 281, 916 (7th Cir. 202); *see also id*. at 914–19 (discussing history and some equitable considerations to be weighed when considering issuing an injunction binding third parties). Because Pow has not carried its burden to show that such rare circumstances exist here, this court declines as a matter of its discretion to prejudge in a permanent injunction the question of whether eBay, Amazon, and PayPal are defendants' agents for Rule 65 purposes.